UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THERESA L. CRUZ, as the parent and
natural guardian of MICHEAL JARODD
CAMPBELL, deceased, and as the Personal
Representative of the Estate of MICHEAL
JARODD CAMPBELL, deceased, and
SHERIKA B. POWELL, as the parent and
natural guardian of BRYAN TYREL
ANDERSON, deceased, and as the
Personal Representative of the Estate of
BRYAN TYREL ANDERSON, deceased,

     Plaintiffs,

vs.                                                CASE NO. 3:09-cv-155-J-25TEM

UNITED STATES OF AMERICA,

     Defendant.
_____

## O R D E R

This case is before the Court on the motion of the United States that requests the Court compel Plaintiffs to provide a more complete response to Interrogatory No. 3 of the Defendant's First Set of Interrogatories (*see* Doc. #12, Motion to Compel). Plaintiffs have filed a response in opposition to the sought relief (*see* Doc. #13, Opposition). As background, the Court notes this action is wrongful death suit brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

Interrogatory No. 3 requests the Plaintiffs "identify each and every law, rule or other directive [the Plaintiffs] contend required the United States to take an action identified in [the Plaintiffs'] answer to Interrogatory 1 or to refrain from such action" (*see* Doc. #12 at 13, 17). Plaintiffs answered this interrogatory by asserting protection under the work product doctrine, but also stated the common law of Georgia, Title 16 of the United States Code and

Title 36 of the Code of Federal Regulations were implicated by the conduct described in the response to Interrogatory No. 1, which is noted by the Court to be the same conduct, or lack thereof, that gives rise to this litigation. Defendant now challenges the sufficiency of Plaintiffs' response and requests Plaintiffs be compelled to identify the actual statute or statutes within Title 16 of the U.S. Code and the actual subsection or subsections within Title 36 of the C.F.R. which they contend sets forth an action or responsibility of the United States with respect to the subject matter of this case. In essence, Plaintiffs argue they should not be compelled to answer the interrogatory with any more specificity because to do so would infringe on the work product of their legal counsel and would reveal too much of their legal theories and arguments in the case.

Upon review, the Court does find the disputed interrogatory is overbroad as worded. To require Plaintiffs to advise "each and every law," which necessarily encompasses the case law upon which Plaintiffs intend to rely, "each and every ... rule" and "each and every ... directive" would create an undue burden and would lead to disclosure of "opinion work product" that is outside the scope of permissible discovery. *See Fed. Trade Comm'n v. Cyberspy Software, LLC*, No. 6:08-cv-1872-ORL-31GJK, 2009 WL 2386137, *2 (M.D. Fla. Jul. 31, 2009) (internal citation omitted).[1] However, it is clear from the content of the motion to compel that Defendant seeks to compel information that is readily available to Plaintiffs and which is designed to narrow the issues in the case, including the applicability of the discretionary function defense. *See Oliver v. City of Orlando*, No. 6:06-cv-1671-ORL-

---

[1]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

31DAB, 2007 WL 32322227, *4 (M.D. Fla. Oct. 31, 2007) (contention interrogatories "should be used sparingly" and should be designed to "target claims, defenses or contentions the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution, or to identify and narrow the scope of unclear claims, defenses and contentions") (internal citation omitted).

Although Plaintiffs' argument may have a modicum of merit, the Court cannot countenance the vague reply given to Interrogatory No. 3 when more specific information is obviously known to Plaintiffs. Furthermore, the Court does not agree that identification of statutes or regulations, which may set forth duties, obligations or responsibilities of the United States, would impermissibly delve into the Plaintiffs' legal theories or arguments. While the application and the interpretation of these laws and regulations would conceivably implicate Plaintiffs' legal theories of their positions, the simple identification of them does not.

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.* The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The
3

rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

In this instance, Defendant legitimately seeks to narrow the issues relevant to the claims in Plaintiffs' complaint and the Defendant's assertion of a discretionary function defense. Identification of the actual statutory basis under 16 U.S.C. and 36 C.F.R. for Plaintiffs' claims against the government, as is requested by the motion to compel, does not implicate either work product or attorney-client privilege. Plaintiffs' argument to the contrary is without merit. In fact, this information has the potential of clarifying issues for summary judgment motion practice by either side.

Thus, upon consideration of the instant motion (Doc. #12), the response thereto, and the argument of the parties as stated in the memoranda, the Court finds Defendant's request is due to be **granted in part and denied in part**. Plaintiffs shall state which chapters and sections of 16 U.S.C. and 36 C.F.R. are implicated by the actions described in the response to Interrogatory No. 1. The Motion to Compel is otherwise **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of June, 2010.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge